■ L. G. DEFELICE & SON, INC., Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 34113.) — The claimant herein had entered into a contract with the New York State Thruway Authority for the construction of a bridge over the Mahwah River in the County of Rockland, in addition to some road construction. The date of the contract was June 23, 1953 and the date of completion therein was October 1, 1954. This completion date was extended on five occasions for reasons unconnected with the dispute which gave rise to this claim. The contract work was completed on October 6, 1955 and accepted on December 8, 1955. In January of 1957 the instant claim was severed and judgment entered for $85,326.88, the undisputed amount due on the contract. Claimant's right to interest was deferred pending determination of the disputed claim. The facts out of which this dispute and claim arose are as follows: claimant in constructing the bridge was required to install 24 tubular cast-in-place concrete piles 24 inches in diameter in two rows of 12 piles each at designated locations. The specifications regarding such installation allowed a tolerance of ¼ inch per foot from the vertical (there was testimony that a reasonable field tolerance of permissible variation from the planned position of each pile at the top would not exceed ½ inch). The subcontractor engaged for the pile-driving finished the work in April, 1954. When he left the piles were in proper alignment. Certain rock excavations were required with the material to be used in part as fill for the foundations of the bridge abutments. In July of 1954 it was learned by the parties that 23 out of the 24 piles were out of alignment and unusable in that condition. Defendant required claimant to do corrective work which cost $54,384.67 and claimant now sues for that amount. It is the claimant's contention that the requirement of the contract directing the placing of rock fill, caused the river bottom to move, which in turn caused the malalignment of the piles; that there was insufficient time to allow the fill to age and to take a natural position before further work was done; that this was a fault in design and therefore under the damage clause it was not liable. The testimony of the engineering experts was that the movement of the piles was due to the settling of the rock fill. The corrective work which consisted of concrete encasements was in our view properly held by the court below not to be an arbitrary or unreasonable requirement. We agree with the finding that on this record there was no proof of faulty design in the original plans and specifications. The claimant entered into this contract fully aware of the pro-

visions for the placing of fill and the completion date. If more time had been allowed for the rock fill to settle the piles might not have moved when placed, but this was one of the risks inherent in the contract. The damage provision of the contract provided: " Damage. All damage, direct or indirect, of whatever nature resulting from the performance of the work or resulting to the work during its progress from whatever cause, including omissions and supervisory acts of the State, shall be borne and sustained by the Contractor, and all work shall be solely at his risk until it has been finally inspected and accepted by the State. The Contractor, however, shall not be responsible for damages resulting from faulty designs as shown by the plans and specifications nor the damages resulting from wilful acts of Department officials or employees." Since there was no proof of faulty design as shown by the plans and specifications, nor willful acts upon the part of the defendant's officials or employees, the holding that claimant has not made out a cause of action for breach of contract is warranted on this record and in our view the claim was properly dismissed (*Garofano Constr. Co. v. State of New York*, 1 A D 2d 306, affd. 4 N Y 2d 748). Judgment unanimously affirmed, without costs. [18 Misc 2d 503.]